IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,                          07-CR-47-BR

          Plaintiff,
                                                   OPINION AND ORDER
v.

MILENKO KRSTIC,

          Defendant.


**KARIN J. IMMERGUT**
United States Attorney
**DAVID L. ATKINSON**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

          Attorneys for Plaintiff

**STEVEN T. WAX**
Federal Public Defender
**CHRISTOPHER J. SCHATZ**
Assistant Federal Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

          Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss Indictment (#21).  For the reasons that follow, the Court **GRANTS** Defendant's Motion.


<u>**BACKGROUND**</u>

In 1998 Defendant Milenko Krstic and his family applied for refugee status and immigration to the United States from Bosnia. On May 14, 1998, Defendant signed an I-590 Form (Registration for Classification as a Refugee).  Defendant contends "someone wrote 'not served'" in Section 13 of the I-590 Form under "Military Service."  Defendant entered the United States as a refugee on August 20, 1998.

On August 22, 1999, Defendant signed an I-485 Form (Application to Register as a Permanent Resident or Adjust Status) to become a Lawful Permanent Resident.  Part C of the I-485 Form required Defendant to list his present and past membership or affiliation with "every political organization, including foreign military service."  Part C is blank on Defendant's I-485 Form.

On April 13, 2001, Defendant received his alien registration receipt card.  On December 11, 2006, agents of the Bureau of Immigration and Customs Enforcement (ICE) seized Defendant's alien registration receipt card pursuant to a warrant.

2 - OPINION AND ORDER

On February 14, 2007, a Grand Jury indicted Defendant for Fraud and Misuse of Visa in violation of 18 U.S.C. § 1546(a). The Indictment charged Defendant with knowingly possessing an alien registration receipt card that Defendant knew was procured by means of a false claim and statement; specifically, the Indictment alleges a false statement that Defendant had never served in the military when, in fact, he was a member of the Zvornik Infantry Brigade, Army of the Republika Srpska, from 1992 through 1995.

On September 7, 2007, Defendant filed a Motion to Dismiss the Indictment on the grounds that (1) the Indictment does not include an allegation as to the essential element of materiality, (2) the facts alleged do not constitute an offense subject to prosecution under federal law, and (3) prosecution is barred by the statute of limitations.  Defendant also filed a Motion to Suppress his signed Affidavit and any statements made by him on the ground that they were obtained in violation of his Fifth Amendment Rights.

On October 17, 2007, the government obtained a Superseding Indictment in which it alleges Defendant made a materially false statement.

On November 9, 2007, the Court heard oral argument on Defendant's Motion to Dismiss, and thereafter the parties submitted supplemental briefs to clarify their arguments.  After

3 - OPINION AND ORDER

the supplemental briefing was completed, the Court took Defendant's Motion to Dismiss under advisement on November 19, 2007.  In the interim, the Court deferred a hearing on Defendant's Motion to Suppress until after it resolved Defendant's Motion to Dismiss.

## DISCUSSION

### I.   Materiality

Defendant contends the government does not allege the essential element of materiality in the Superseding Indictment. The Superseding Indictment, however, includes an allegation that Defendant made a materially false statement and Defendant concedes this addition renders moot the part of his Motion to Dismiss based on materiality.  The Court concurs this part of Defendant's Motion is moot.

### II.  Sufficiency of the Allegations Concerning Possession of a Green Card under 18 U.S.C. § 1546(a).

Defendant contends the allegations in the Superseding Indictment do not state an offense subject to prosecution under § 1546(a), paragraph one.  The Court agrees.

In the Superseding Indictment, Defendant is charged with possessing an alien registration receipt card that Defendant knew was obtained using materially false statements in violation of § 1546(a), paragraph one, which provides in pertinent part:

4 - OPINION AND ORDER

> Whoever knowingly forges, counterfeits, alters, or
> falsely makes any immigrant or nonimmigrant . . .
> alien registration receipt card . . . or . . .
> possesses . . . *any such* . . . alien registration
> receipt card . . . knowing it to be forged,
> counterfeited, altered, or falsely made, or to
> have been procured by means of any false claim or
> statement, or to have been otherwise procured by
> fraud or unlawfully obtained . . . shall be fined
> or imprisoned.

Emphasis added.  Defendant contends allegations in the

Superseding Indictment do not constitute a violation of

§ 1546(a), paragraph one, because the phrase "*any such* alien

registration receipt card" refers to the requirement in the first

part of paragraph one that the alien registration receipt card

must be one that was forged, counterfeited, altered, or falsely

made.  According to Defendant, knowingly possessing an

immigration document procured by means of a false claim or

statement does not constitute a violation of § 1546(a), paragraph

one, unless the person also knows the document that was obtained

by a false claim or statement was forged, counterfeited, altered,

or falsely made.  Defendant, therefore, asserts the Superseding

Indictment does not include the threshold requirement that

Defendant knew the alien registration receipt card was forged,

counterfeited, altered, or falsely made.

The government interprets § 1546(a) differently and contends

the first part of paragraph one describes only one means of

violating the statute (*i.e.*, knowingly forging, counterfeiting,

altering or falsely making an alien registration receipt card)

5 - OPINION AND ORDER

whereas the second part of the paragraph sets forth a second means of violating the statute; *i.e.*, possessing an alien registration receipt card that a person knows to be of a particular character:  (1) forged, counterfeited, altered or falsely made; or (2) procured by means of any false claim or statement;  or (3) otherwise procured by fraud or unlawfully obtained.  Thus, the government contends the phrase "*any such* alien registration receipt card" does not refer to the descriptors in the first part of paragraph one, but instead refers to the actual document itself.

Although neither party cites a case in which a court directly addresses the question of how to interpret the "any such" phrase in paragraph one, Defendant points to dicta in *United States v. Campos-Serrano*, 404 U.S. 293 (1971), as support for his position.

In *Campos-Serrano*, the issue before the Court was whether possession of a counterfeit alien registration receipt card was an act punishable under the version of § 1546(a) that existed in 1971.  *Id*. at 294.  In 1971 § 1546(a) provided in pertinent part:

> Whoever . . . knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or . . . possesses . . . any such visa, permit, or document, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawful obtained. . . . Shall be fined not more than

    $2,000 or imprisoned not more than five years, or
    both.

*Id*. at 295 n.1 (quoting 18 U.S.C. § 1546 (1971)).  The Court

concluded possession of a counterfeit alien registration receipt

card did not violate § 1546 because alien registration receipt

cards were not "other document[s] required for entry into the

United States."  *Id*. at 301.  The Court noted § 1546 prohibits

"*inter alia*, the counterfeiting or alternation [*sic*] of, or the

possession . . . of an already counterfeited or altered

'immigrant or nonimmigrant visa, permit, or other document

required for entry into the United States.'"  *Id*. at 295.  The

Supreme Court, however, included the phrase "*inter alia*" in its

explanation.  The Court, therefore, may have been describing only

one among several possible interpretations of § 1546.  Thus, the

dicta in *Campos-Serrano* is not dispositive here.

    Nonetheless, after carefully reviewing the language of

§ 1546(a), paragraph one, the Court applies Defendant's

interpretation to the Superseding Indictment.  Although the

government argues the second part of paragraph on of § 1546(a)

sets forth an independent means of violating the statute (*i.e.*,

possession of an alien registration receipt card while knowing it

was procured by means of a false claim or statement), the

government, in effect, is asking the Court to ignore the phrase

"any such" preceding the words "alien registration receipt card."

The Court, however, cannot ignore the phrase or interpret it to

7 - OPINION AND ORDER

have no meaning.  *See N.W. Forest Res. Council v. Glickman*, 82 F.3d 825, 834 (9th Cir. 1996)(A "statute must be interpreted to give significance to all of its parts. . . .  Courts have long followed the principle that statutes should not be construed to make surplusage of any provision.").  To do so here means "any such" named document refers only to the various documents initially referenced, including alien registration receipt cards, that are knowingly forged, counterfeited, altered, or falsely made.  The Court, therefore, concludes under these circumstances that § 1546(a), paragraph one, criminalizes possession of a knowingly forged, counterfeited, altered, or falsely made alien registration receipt card that was also knowingly procured by means of a false claim or statement.

Because the Superseding Indictment does not include an allegation that Defendant's alien registration receipt card was knowingly forged, counterfeited, altered, or falsely made, the Court concludes the Superseding Indictment does not allege an offense subject to prosecution under § 1546(a), paragraph one.

Accordingly, the Court grants Defendant's Motion to Dismiss the Superseding Indictment.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendant's Motion to

Dismiss Indictment (#21).  For purposes of scheduling any further
proceedings, the Court requests the government to inform the
Court by December 21, 2007, if it is appropriate to enter a
Judgment of Dismissal at this stage.

IT IS SO ORDERED.

DATED this 10th day of December, 2007.


                              /s/ Anna J. Brown

                              _____
                              ANNA J. BROWN
                              United States District Judge


9 - OPINION AND ORDER