**Christopher J. Schatz, OSB No. 915097**
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel:    (503) 326-2123
Fax:    (503) 326-5524
Email: Chris_Schatz@fd.org
**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 07-47-BR** |
| Plaintiff, | |
| vs. | **MOTION IN LIMINE RE EXCLUSION OF INTERPRETED STATEMENTS AND DOCUMENTS ABSENT PRODUCTION OF INTERPRETER.** |
| **MILENKO KRSTIC,** | |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

Defendant Milenko Krstic, through his attorney of record, Assistant Federal Public Defender Christopher J. Schatz, hereby moves the Court, pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution and Federal Rule of Evidence 802, to preclude the government from presenting testimony and/or documents that purport to recount statements made by Mr. Krstic with the aid of an interpreter, unless a credible foundation for the accuracy of the interpreted statements is first established, and Mr. Krstic has been granted an opportunity to confront and cross-examine the interpreter.  Mr. Krstic further moves to exclude from evidence any document purportedly containing statements made by him unless it is first shown that (a) the document was accurately and properly interpreted or translated from the English into the Serbo-Croatian language

for Mr. Krstic's benefit, (b) that he understood the interpretation or translation, and (c) that Mr. Krstic's recorded response is an accurate and complete statement of what he actually said at the time the document text was created. Mr. Krstic further moves, in the event that the statements he purportedly made via the IOM interpreter are found to be nontestimonial, to exclude those statements as unreliable.[1]

Said Motion is based on the points, authorities and argument set forth in the Trial Brief & Memorandum of Points and Authorities in Support of Motions in Limine and Proposed Jury Instructions filed concurrently herewith, at pp. 22-33. Said Motion is further based on the Declaration of Counsel in Support of Motion In Limine re Exclusion of Interpreted Statements and Documents Absent Production of Interpreter filed concurrently herewith.

**Request for Oral Argument:** Mr. Krstic requests that oral argument with respect to the relief requested herein be granted, and that a date for such oral argument be set in advance of the current pretrial conference date of July 19, 2010.

Respectfully submitted this 1st day of June, 2010.

/s/ Christopher J. Schatz
Christopher J. Schatz
Assistant Federal Public Defender

Attorney for Defendant Milenko Krstic

---

[1] Even if the IOM interpreter's statements (i.e. interpreted statements of statements purportedly made by Mr. Krstic) are found to be nontestimonial, Mr. Krstic contends that those statements are subject to challenge as hearsay pursuant to Fed. R. Evid. 802. In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court declared that nontestimonial hearsay statements remained subject to the *Ohio v. Roberts* test. The *Roberts* test allows for admission of hearsay evidence only if that evidence falls into a "firmly rooted hearsay exception" or such evidence bears "particularized guarantees of trustworthiness." *Ohio v. Roberts*, 448 U.S. 56, 66 (1980).

**PAGE 2.    MOTION IN LIMINE RE EXCLUSION OF INTERPRETED STATEMENTS AND DOCUMENTS ABSENT PRODUCTION OF INTERPRETER.**